# MILSON v. GERSTENBERG.*

TRIAL; DECEIT, ACTION OF; DIRECTION OF VERDICT; FRAUD, PROOF OF; FALSE REPRESENTATION.

1. The trial court is never justified in directing a verdict except in cases where, conceding the credibility of witnesses and giving full effect to every legitimate inference that may be deduced from their testimony,

* *Evidence—Proof of Fraud.*—The authorities passing upon the degree of certainty necessary to establish fraud in a civil action are presented in a note in 33 L.R.A. (N.S.) 836.

it is, nevertheless, plain that the party has not made out a case
sufficient in law to entitle him to a verdict and judgment (citing
*Adams* v. *Washington & G. R. Co.* 9 App. D. C. 26, 9 Am. Neg. Cas.
163; *Walker* v. *Warner,* 31 App. D. C. 76) ; and this rule applies to
an action of deceit as well as to other civil actions.

2. Fraud may be established by a preponderance of the evidence, reasonably
   sufficient to satisfy the minds of the jury.

3. A person who makes representations of material facts assuming or in-
   tending to convey the impression that he has actual knowledge of the
   existence of such facts, when he is conscious that he has no such
   knowledge, is as responsible to one who believes and acts upon them
   as if he had knowledge of their falsity.

4. Deceit may be predicated of a vendor or lessor who makes material,
   untrue representations in respect of his own business or property, for
   the purpose of their being acted upon, and which are in fact relied
   upon by the purchaser or lessee, the truth of which representations
   the vendor or lessor is bound, and must be presumed, to know.

5. In an action of deceit by the purchaser against the seller of stock in a
   company owning a patent for a pump, where the testimony in behalf
   of the plaintiff was to the effect that the sellers falsely represented,
   among other things, that a pump constructed by the company had been
   tested by an engineer in the United States Navy Yard, and found to
   require 75 per cent less power in its operation than other pumps, and
   that the plaintiff thereafter made unavailing efforts to have the de-
   fendant make a comparative test, and then discovered that the repre-
   sentation concerning the pump's capacity was untrue, while the de-
   fendants introduced testimony in rebuttal of the representations
   alleged and to show their honest belief in the capacity of the pump as
   represented by them,—it was *held* that the lower court erred in direct-
   ing a verdict for the defendant at the close of all the evidence, as it
   was for the jury to determine whether when this representation was
   made if made, it was untrue, and that the defendants knew it to be
   untrue by reason of the circumstances attending the test of the pump
   and the report of the engineers thereon.


No. 2719.   Submitted January 5, 1915.   Decided February 1, 1915.


HEARING on an appeal by the plaintiff from a judgment of
the Supreme Court of the District of Columbia, on a verdict
directed by the court at the close of all the evidence, in an
action of deceit.                                    *Reversed.*

The Court in the opinion stated the facts as follows:

This is an appeal from a judgment rendered on a verdict directed for the defendants in an action to recover damages for fraud and deceit practised upon the plaintiff, Thomas H. Milson, by the defendants, Ernst Gerstenberg and Philip H. Deis. The latter having died testate, Mary H. Deis, executrix of his estate, was made defendant in his stead.

The plaintiff alleged that defendants were the owners of 2,500 shares of the capital stock of the Deis Pump Company, a corporation organized to exploit a pump, letters patent for which had been issued to Philip H. Deis. Defendants also had a contract with said corporation, entitling them to certain royalties to be paid by the corporation on the manufacture and sale of pumps under said patent. That on March 7, 1907, the defendants, contriving and intending to deceive, defraud, and injure the plaintiff, fraudulently and deceitfully represented to the said plaintiff that one Salmon, or Solomon, a wealthy man, stood ready and willing to pay to said Gerstenberg and Deis a large sum of money, to wit, $150,000, for said shares of capital stock, and their one-third interest in the royalties aforesaid, and was then in the city of Washington, and anxious to effect a purchase thereof from them on that day, and that they, the defendants, would sell to him, if he, the said plaintiff, would not agree with them at once to buy the said shares of stock; and that they would sell to plaintiff in preference to Salmon, or Solomon, for less price, as they preferred to have the plaintiff associated with them. They further represented that a certain pump, known as the "Deis Pump," covered by certain letters patent, then and there owned or controlled by said corporation, had been tested and had been found to require in its operation 75 per cent less power than pumps in ordinary use; and also that an engineer or engineers in charge of the electrical department of the government had tested said pump, and had told defendants that it required 75 per cent less power than pumps in ordinary use; and, further, that a prominent and well-known engineer, namely J. J. de Kinder, residing in Philadelphia,

had, while on a recent visit to the city of Washington, examined the pump and stated to them that it could be operated at a large saving of power over that required to operate pumps in ordinary use, and that he, the said engineer, would make a further and more detailed examination of said pump and a written report thereon, upon which report the defendants would have no trouble in getting the money necessary to financing the marketing of said pump. That thereupon the plaintiff, confiding in the said representations of the defendants, and at their instance and request, bargained with them to buy of them the said 2,500 shares of the capital stock of the corporation and the one-third interest to the royalties, aforesaid. And the defendants falsely, fraudulently, and deceitfully pretending and representing to the plaintiff that the said false, fraudulent, and deceitful representations were true, and the said plaintiff believing them to be true, they then and there sold to the plaintiff the 2,500 shares of stock in the corporation and the one-third interest in the royalties, for the said sum of money, to wit, $35,000; and the plaintiff afterwards, on the same day, paid the said defendants the said sum of money for the same, whereas in truth and in fact neither the said Solomon nor anyone else was ever ready and willing to pay the said sum of $150,000 for the capital stock, nor was he, the said Solomon, nor anyone else then and there in the said city of Washington ready and anxious to effect a purchase thereof; nor had said pump even been tested and shown to have required in its operation 75 per cent less power than pumps in ordinary use, nor had any engineer nor engineers in charge of electrical department of the government tested said pump, nor had any engineer nor engineers told the defendants that it required in its operation 75 per cent less power than pumps in ordinary use, nor had the said de Kinder stated to defendants that said pump could be operated at a large saving of power over that required to operate pumps in ordinary use, and that the said de Kinder would make a further and more detailed examination and written report thereon, upon which report defendants would have no trouble in getting finances to market said pump; and whereas in truth and in fact said pump

and said letters patent covering the same, and the said shares of the capital stock, and the said agreement to pay royalties, were worthless and valueless, and said pump had never in fact been tested, and was incapable of being operated by 75 per cent less power than pumps in ordinary use, as the defendants well knew; and that defendants, by means of the promises, falsely and fraudulently deceived the said plaintiff on the said sale, and thereby the said capital stock and the interest in the royalties aforesaid have become of no use and value to the said plaintiff, to his damage $35,000, with interest from March 15, 1907, which sum he claims, besides costs of suit.

Defendants pleaded not guilty, and the statute of limitations of three years. Issue having been joined, testimony was introduced by the plaintiff, which showed that Philip H. Deis was an inventor and the patentee of a certain improved pump; that the Deis Pump Company had been organized with a capital stock of $1,000,000, for which the said Deis transferred to said company the letters patent aforesaid, receiving the whole amount of the capital stock, of which he afterwards transferred 2,500 shares to the corporation, to be held in its treasury as treasury stock; that the corporation entered into a contract with Deis by which it was given certain royalties on the manufacture and sale of pumps under said patent.

Plaintiff testified to the representations made by the defendants as alleged in his declaration, and that, putting faith in the same, he paid them the sum of $35,000 for which they transferred to him 2,500 shares of their certificates of capital stock, and also one third interest in said royalty contracts. He also introduced testimony tending to show that neither said Solomon nor anyone else then and there in said city was ready and anxious to effect a purchase of said stock and royalty interest at the time of plaintiff's purchase; also that the pump had not been tested and shown to have required 75 per cent less power to operate than pumps in ordinary use; nor had any engineer or engineers in charge of the electrical department of the government tested said pump, etc.; and that said de Kinder had never tested the said pump or made the statement in regard to

its capacity, nor had he ever subsequently examined and report-
ed the same to the company as represented to the plaintiff.

The plaintiff and defendants were to be partners in the pro-
motion and development of the business contemplated, and each
of them agreed to retain at least 2,000 shares of the stock, which
would enable them to control. Plaintiff also agreed that any
improvements to the pump made by him should become the
property of the Deis Company, and the defendants were to as-
sign all improvements made by them. At the time of the plain-
tiff's purchase the assets of the company consisted in certain
letters patent in this country, and Canada and Mexico. Short-
ly afterwards other patents were taken out in a number of
European countries, but aside from the patent rights there was
nothing of value among the assets of the company except the
Deis pump, or models of it. No pumps had been manufactured
for sale, and it was not known just what they could do or for
what prices they could be sold. The promotion and develop-
ment of the company and the pump was to occupy the attention
of the plaintiff and his partners.

Plaintiff testified that each of said representations was a
material inducement to him to enter into the contract and pay
his money. The principal representation was the statement that
the pump had been tested by an engineer in the Navy Yard,
and found to require 75 per cent less power than other pumps.
Plaintiff testified to efforts made to have a comparative test of
the pumps made by defendants, and of his discovery of the fact
that the representations made concerning the pump's capacity
were untrue. This was discovered by him in 1908 or 1909.
His action was begun March 5, 1910.

Defendants introduced testimony in rebuttal of the repre-
sentations made, and to show their honest belief in the capacity
of the pump as represented to them.

Upon the conclusion of plaintiff's testimony the court over-
ruled a motion of defendants to instruct a verdict, but at the
conclusion of the entire testimony he granted the motion, and
directed the jury to return a verdict for the defendants, upon
which judgment was rendered, and plaintiff has appealed.

*Mr. Charles Cowles Tucker, Mr. Frank J. Hogan, Mr. J. Miller Kenyon,* and *Mr. Charles T. Tittmann,* for the appellant, in their brief cited:

*Aldridge* v. *Scribner,* 154 Mich. 23; *Barstow* v. *Capital Traction Co.* 29 App. D. C. 371; *Bower* v. *Fenn,* 90 Pa. 359; *Browning* v. *Natl. Capital Bank,* 13 App. D. C. 1; *Chesapeake Beach R. R. Co.* v. *Brez,* 39 App. D. C. 69; D. C. Code § 1066; *Cook* v. *Castner,* 9 Cush. 266; *Garner* v. *Mangam,* 93 N. Y. 642; *Gerner* v. *Mosher,* 58 Neb. 135; *Goodale* v. *Middaugh,* 8 Colo. App. 223; 24 *Harvard L. Rev.* 427; *Hicks* v. *Stevens,* 121 Ill. 186; *Huntress* v. *Blodgett,* 206 Mass. 318; *Iowa Economic Heater Co.* v. *American Co.* 32 Fed. 735; *Ives* v. *Carter,* 24 Conn. 392; *Kohner* v. *Capital Traction Co.* 22 App. D. C. 181; *Krause* v. *Busacker,* 105 Wis. 350; *Lehigh Zinc & I. Co.* v. *Bamford,* 150 U. S. 665; *Nelson* v. *Wood,* 62 Ala. 175; *O'Leary* v. *Tillinghast,* 22 R. I. 161; *Regan* v. *United States,* 232 U. S. 37; *Reynolds* v. *Leyden,* 24 App. Div. 395; *Robinson* v. *United States* (Apps. D. C.) 42 W. L. R. 308; *Stewart* v. *Wyo. Cattle R. Co.* 128 U. S. 383; *Tyler* v. *Savage,* 143 U. S. 79; *White* v. *Sawyer,* 16 Gray, 586; *Adams* v. *Thornton,* 78 Ala. 489; *Allen* v. *Hurt,* 72 Ill. 104; 14 Am. & Eng. Enc. Law, 2d ed. p. 201; Bigelow, Fraud, p. 524; *Bishop* v. *Small,* 63 Me. 12; *Browning* v. *Bank,* 13 App. D. C. 1; *Bryant* v. *Simoneau,* 51 Ill. 324; *Bullard* v. *His Creditors,* 56 Cal. 600; *Burr* v. *Wilson,* 22 Minn. 206; *Carter* v. *Gunnels,* 67 Ill. 270; *Calasauqua Mfg. Co.* v. *Hopkins,* 141 Pa. 30; D. C. Code § 1064; *Cottrill* v. *Krum,* 100 Mo. 397; *Daggett* v. *Emerson,* 3 Story, 733; *Dashiel* v. *Harshman,* 113 Iowa, 283; *David* v. *Park,* 103 Mass. 501; *Dayton* v. *Monroe,* 47 Mich. 193; *Dillman* v. *Nadelhofer,* 119 Ill. 567; *Eames* v. *Morgan,* 37 Ill. 260; 6 Enc. Ev. p. 9; *Fargo Gaslight & Coke Co.* v. *Fargo Gas & Electric Co.* 4 N. D. 219, 37 L.R.A. 593; *Ford* v. *Chambers,* 19 Cal. 143; *Gardner* v. *Trenary,* 65 Iowa, 646; *Galling* v. *Newell,* 12 Ind. 118; *Gaty* v. *Holcomb,* 44 Ark. 216; *Gordon* v. *Parmalee,* 15 Gray, 413; *Hicks* v. *Stevens,* 121 Ill. 186; *Hitchcock* v. *Baughan,* 36 Mo. App. 216; *Iowa Economic Heater Co.* v. *American*

*Economic Heater Co.* 32 Fed. 735; *Irving* v. *Thomas,* 18 Me. 418; *Ives* v. *Carter,* 24 Conn. 392; *Jones* v. *Greaves,* 26 Ohio St. 2; *Joslyn* v. *Cadillac Automobile Co.* 177 Fed. p. 868; Kerr, Fraud, p. 81; *Kimball* v. *Bangs,* 144 Mass. 321; *King* v. *Lamborn,* 108 C. C. A. p. 129, 186 Fed. pp. 27–28; *Lee* v. *Pearce,* 68 N. C. 76; *Lehigh Zinc & I. Co.* v. *Bamford,* 150 U. S. 673; *Linn* v. *Wright,* 18 Tex. 317; *McAleer* v. *Horsey,* 35 Md. 439; *McConihe* v. *Sawyer,* 12 N. H. 396; *Magruder* v. *Montgomery,* 33 App. D. C. 133; *Mattlock* v. *Reppy,* 47 Ark. 148; *Neil* v. *Cummings,* 75 Ill. 170; *Page* v. *Dickinson,* 28 Wis. 700; *People* v. *Haynes,* 11 Wend. 557; *Pomeroy* v. *Benton,* 57 Mo. 531; *Roberge* v. *Burnham,* 124 Mass. 277; *Rose* v. *Hurley,* 39 Ind. 77; *Simon* v. *Goodyear M. R. S. Co.* 5 L.R.A. 745, 105 Fed. 580; *Sommers* v. *Oppenheim,* 44 N. Y. Supp. 396; *Southern Development Co.* v. *Silva,* 125 U. S. 247; *Sparks* v. *Dawson,* 47 Tex. 138; *Tabor* v. *Peters,* 74 Ala. 90; *Tyssowski* v. *F. H. Smith Co.* 35 App. D. C. 403; *United States* v. *Regan,* 232 U. S. 237; *Water Commissioners* v. *Robbins,* 82 Conn. 623; *Weaver* v. *Shriver,* 79 Md. 530; *Wilhams* v. *McFadden,* 23 Fla. 143; *Wilson* v. *Nichols,* 72 Conn. 173; *Yates* v. *Alden,* 41 Barb. 172; *Young* v. *Edwards,* 72 Pa. 257.

*Mr. Benjamin S. Minor* and *Mr. J. J. Darlington,* for the appellees, in their brief cited:

*Bishop* v. *Small,* 63 Me. 12; *Bowie* v. *Hume,* 13 App. D. C. 286, 317; *Butler* v. *Haskell,* 4 Dess. Ch. 652, 684–5; *Connecticut Mut. L. Ins. Co.* v. *Lathrop,* 111 U. S. 612, 615, 28 L. ed. 536, 537; *Cummings* v. *Hurlbutt,* 92 Pa. 165; *DeDouglas* v. *Traction Co.* 198 Pa. 430; *Dillman* v. *Nadelhofer,* 119 Ill. 567; *Ellis* v. *Newbrough,* 27 Pac. 490, 493; *Foster* v. *Goddard,* 1 Black, 506, 518; *Gavin* v. *Bischoff,* 80 Iowa, 605; *Hall* v. *Johnson,* 41 Mich. 286, 289; *Hefflebower* v. *Detrick,* 27 W. Va. 16, 22; *Hicks* v. *Harbison-Walker Co.* 212 Pa. 427; *Irwin* v. *Shoemaker,* 8 Watts & S. 75, 76; *Jackson* v. *King,* 4 Cow. 207, 220; *Kimball* v. *Bangs,* 144 Mass. 321; *Klauber* v. *Wright,* 52 Wis. 303, 313–14; *Laird* v. *Traction Co.* 208 Pa. 574; *Miller* v. *Motler,* 35 Md. 428, 432; *Oskslaat* v. *Bowles,* 34

App. D. C. 53, 65; *Parlin* v. *Small,* 68 Me. 289; *Patton* v. *Texas & P. R. Co.* 179 U. S. 658, 660; *Phillips* v. *Meily,* 106 Pa. 536, 544; *Phœnix Mut. L. Ins. Co.* v. *Doster,* 106 U. S. 30. 32, 27 L. ed. 65, 66; *Press* v. *Hair,* 133 Ill. App. 528, 534; *Scott* v. *District of Columbia,* 27 App. D. C. 413, 417; *Security & Invest. Co.* v. *Garrell,* 3 App. D. C. 67, 79; *Sinclair* v. *Higgins,* 93 N. Y. Supp. 195; *Southern Development Co.* v. *Silva,* 125 U. S. 247, 250; *Spitzer* v. *Railroad Co.* 22 Pa. 166, 173; *Stanton* v. *Ryan,* 41 Mo. 510; *Stine* v. *Sherk,* 1 Watts. & S. 75, 76; *Strout* v. *Lewis,* 104 Me. 65; *Trechard* v. *Wandley,* 2 P. Wms. 165, 167; *United States* v. *Regan,* 232 U. S. 37; *Walker* v. *Warner,* 31 App. D. C. 76, 88; *Wenstrom, etc., Co.* v. *Purnell,* 75 Md. 113, 118; *Allen* v. *Hart,* 72 Ill. 104, 106; *Bishop* v. *Small,* 63 Me. 12; *Barron* v. *Trust Co.* 184 Mass. 440; *Browning* v. *National Capital Bank,* 13 App. D. C. 1; *Bryant* v. *Simoneau,* 51 Ill. 324; *Burr* v. *Wilson,* 22 Minn. 206; *Carter* v. *Gunnells,* 67 Ill. 270; *Catasaqua Mfg. Co.* v. *Hopkins,* 141 Pa. 30; *Cooper* v. *Lovering,* 106 Mass. 77, 79; *Dart* v. *Minnesota Loan & T. Co.* 74 Minn. 425, 431; *DeDouglas* v. *Traction Co.* 198 Pa. 430; *Eames* v. *Morgan,* 37 Ill. 260; *Farnsworth* v. *Durfey,* 143 U. S. 142, 148; *Gordon* v. *Parmelee,* 15 Gray, 413; *Hatch* v. *Bayley,* 12 Cush. 27; *Hauk* v. *Brownell,* 120 Ill. 161; *Hunter* v. *McLaughlin,* 43 Ind. 38; *Irving* v. *Thomas,* 18 Me. 418, 424; *Ives* v. *Carter,* 24 Conn. 404; *Jones* v. *Greaves,* 26 Ohio St. 2; *Jones* v. *Simpson,* 116 U. S. 609, 615; *Lehigh Zinc & I. Co.* v. *Bamford,* 150 U. S. 665, 673; *Linn* v. *Wright,* 18 Tex. 317, 337; *Knowles* v. *Scribner,* 57 Me. 495; *MacKenzie* v. *Seeberger,* 76 Fed. 108, 114; *McKennan* v. *Mickelberry,* 243 Ill. 173, 184; *Neideffer* v. *Christian,* 71 Ind. 363; *Nelson* v. *Steen,* 192 Pa. 581, 584; *Parlin* v. *Small,* 68 Me. 289; *Roberge* v. *Burnham,* 124 Mass. 472; *Schmidt* v. *Messmer,* 116 Cal. 267, 270; *Sommers* v. *Oppenheim,* 44 N. Y. Supp. 396; *Southern Development Co.* v. *Silva,* 125 U. S. 250; *Sparks* v. *Dawson,* 47 Tex. 138, 145; *United States* v. *Detroit Timber & Lumber Co.* 124 Fed. 393, 402; *United States* v. *Regan,* 232 U. S. 37; *Walker* v. *Collins,* 59 Fed. 70, 73;

*Williams* v. *Hicks,* 2 Vt. 36; *Young* v. *Edwards,* 72 Pa. 257; 14 Am. & Eng. Enc. Law, 201, 202.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

We think the court erred in directing the verdict for the defendant. The provinces of court and jury are separate and distinct.

"It is the province of the jury to determine the credibility of the witnesses and the weight of the evidence under proper directions in respect to the principles of law applicable thereto. And the court is never justified in directing a verdict except in cases where, conceding the credibility of the witnesses, and giving full effect to every legitimate inference that may be deduced from their testimony, it is nevertheless plain that the party has not made out a case sufficient in law to entitle him to a verdict and judgment thereon. Stated in many different ways, this, we think, is substantially the doctrine of the adjudged cases that control in this jurisdiction." *Adams* v. *Washington & G. R. Co.* 9 App. D. C. 26, 30, 9 Am. Neg. Cas. 163, and cases cited.

There are some cases in which, when the testimony is of such a conclusive character as to compel the court to set aside the verdict in opposition thereto, it may be withdrawn from the consideration of the jury. *Walker* v. *Warner,* 31 App. D. C. 76, 88.

Where a case depends upon the effect or weight of the testimony, it is one for the consideration and determination of the jury under proper instructions as to the principles of law involved. *Phœnix Mut. L. Ins. Co.* v. *Doster,* 106 U. S. 30, 32, 27 L. ed. 65, 66, 1 Sup. Ct. Rep. 18.

Or, as stated in *Empire State Cattle Co.* v. *Atchison, T. & S. F. R. Co.* 210 U. S. 1, 10, 52 L. ed. 931, 937, 28 Sup. Ct. Rep. 607, 15 Ann. Cas. 70. "The validity of the peremptory instruction must depend upon whether the evidence was so undisputed or was of such a conclusive character as would have

made it the duty of the court to set aside the verdicts if the cases had been given to the jury and verdicts returned in favor of the plaintiff." This was a civil proceeding to recover damages on account of fraud perpetrated. The fact that it was an action of deceit does not take it out of the rule stated above in regard to the province of court and jury in a civil case. *United States* v. *Regan,* 232 U. S. 37, 48, 58 L. ed. 494, 498, 34 Sup. Ct. Rep. 213.

Fraud may be established by preponderance of evidence reasonably sufficient to satisfy the minds of the jury. *Gordon* v. *Parmelee,* 15 Gray, 413, 416; *Eames* v. *Morgan,* 37 Ill. 260, 262; *Burr* v. *Willson,* 22 Minn. 206, 212; *Knowles* v. *Scribner,* 57 Me. 495; *Sparks* v. *Dawson,* 47 Tex. 138, 145; *Jones* v. *Greaves,* 26 Ohio St. 21, 20 Am. Rep. 752; *Lee* v. *Pearce,* 68 N. C. 76, 89; *Calasauqua Mfg. Co.* v. *Hopkins,* 141 Pa. 30, 45, 46, 21 Atl. 638; *Adams* v. *Thornton,* 78 Ala. 489, 492, 56 Am. Rep. 49.

Plaintiff testified positively to the representation made by defendants in regard to the superior capacity of the Deis pump, and to the saving of 75 per cent of power therein as compared with the action of other pumps. There was a conflict of evidence upon this point, and this conflict it was the province of the jury to settle. It was necessary, of course, that the jury should believe that this representation was made at that time, that it was material, that plaintiff acted upon it. and that the defendants knew or ought to have known that the representation was false at the time of making it. A person who makes representations of material facts, assuming or intending to convey the impression that he has actual knowledge of the existence of such facts, when he is conscious that he has no such knowledge, is as much responsible to one who believes and acts upon them as if he had knowledge of their falsity. Deceit may also be predicated of a vendor or lessor who makes material, untrue representations in respect to his own business or property, for the purpose of their being acted upon, and which are in fact relied upon by the purchaser or lessee, the truth of which representations the vendor or lessor is bound, and must be pre-

sumed, to know. *Lehigh Zinc & I. Co.* v. *Bamford,* 150 U. S. 665, 673, 37 L. ed. 1215, 1217, 14 Sup. Ct. Rep. 219.

It was for the jury to say whether, when this representation was made, if made, that it was untrue, and that defendants knew it to be untrue, or ought to have known it to be untrue by reason of the circumstances attending the test of such pumps and the report of the engineers thereon.

The judgment is reversed, with costs, and the cause remanded to the court below, with direction to set aside the verdict and grant a new trial.                    *Reversed.*