## SOVEREIGN POCOHONTAS CO. v. BOND et al.
### No. 7672.

United States Court of Appeals for the District of Columbia.

Argued April 15, 1941.

Decided June 2, 1941.

Mark P. Friedlander, of Washington, D. C., for appellant.

Edmund D. Campbell, of Washington, D. C. (Edward A. Beard, of Washington, D. C., on the brief), for appellees.

Before MILLER, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

In this action for deceit, the District Court directed a verdict for the defendants. Their alleged misstatements related to the condition of a corporation of which they were officers. There is evidence that they said it was making money, and had made about $800 in the previous quarter and over $3,000 in the preceding year, and that they caused certain financial statements to be sent to plaintiff. Actually the corporation was losing money, and had lost about $86 in the previous quarter and $2,700 in the preceding year, and the financial statements were incorrect.

Defendant Moyer was President, and apparently defendant Bond was Secretary and Treasurer of the corporation. Both were frequently in its office and frequently spoke for it. It might be inferred that they were, or were among, its active managers. There is no evidence that they kept or examined its books, understood bookkeeping, prepared its financial statements, knew whether or not the statements were erroneous, or knew whether or not the corporation had made or was making money. There is evidence that the books were kept by other persons, and no evidence that those persons did not prepare the financial statements.

██ "The rule is settled that in an action at law where the issue is fraud the

party relying upon fraud must show that the misrepresentations asserted were made either with knowledge of their untruth or in reckless disregard of the truth."[1] The evidence would, we think, justify an inference that the defendants made untrue statements of objective fact in reckless disregard of the truth. In the absence of evidence tending to show that they were themselves misled by reasonable or merely negligent reliance on what others told them, a corporation's officers may be regarded as acting recklessly when they make glaringly false statements about its current financial history and condition. An accountant testified that his interpretation of the company's books and its financial statements could not "be reconciled with good faith as to the profit and loss account."

▪ Moreover, the evidence would support an inference that the defendants knowingly made untrue statements of subjective fact. They did not say, "We are informed and believe that the company has been making money." Had they done so, it is not likely that the plaintiff would have relied on what they said. Their alleged statements were positive and unqualified. They purported, by clear implication, to know what they were talking about. Where knowledge is possible, one who represents a mere belief as knowledge misrepresents a fact. "Where a party represents a material fact to be true to his personal knowledge, as distinguished from belief or opinion, when he does not know whether it is true or not, and it is actually untrue, he is guilty of falsehood, even if he believes it to be true, and if the statement is thus made with the intention that it shall be acted upon by another, who does so act upon it to his injury, the result is actionable fraud."[2]

▪ There was evidence that defendants' statements were made for the purpose of inducing plaintiff to refrain from action to collect a debt which defendants' company owed; that plaintiff did refrain, and also made a further sale to the company, in consequence; and that damage resulted, because the company's condition grew worse and plaintiff was ultimately unable to collect as much as it could have done when the representations were made. The difficulty of estimating damages is no greater than in many cases. Accordingly it was error to direct a verdict for the defendants.

Reversed.

[1] Public Motor Service, Inc. v. Standard Oil Co. of New Jersey, 69 App.D.C. 89, 91, 99 F.2d 124, 126.

[2] Hadcock v. Osmer, 153 N.Y. 604, 608, 47 N.E. 923. Lehigh Zinc & Iron Co. v. Bamford, 150 U.S. 665, 14 S.Ct. 219, 37 L.Ed. 1215; Browning v. National Capital Bank of Washington, 13 App.D.C. 1, 16; Morris Plan Industrial Bank v. Lassman, 2 Cir., 116 F.2d 473; Howard v. Barnstable County National Bank, 291 Mass. 131, 197 N.E. 40; Riggs v. Thorpe, 67 Minn. 217, 69 N.W. 891; Rogers v. Rosenfeld, 158 Wis. 285, 149 N.W. 33.