## DARNELL v. DARNELL.
### No. 11298.

United States Court of Appeals
District of Columbia Circuit.
Argued Oct. 7, 1952.

Decided Nov. 13, 1952.

Mr. George L. Hart, Jr., Washington, D. C., with whom Mr. Arthur G. Lambert, Washington, D. C., was on the brief, for appellant.

Mr. Raymond Gittelman, Washington, D. C., for appellee.

Before PRETTYMAN, PROCTOR and FAHY, Circuit Judges.

FAHY, Circuit Judge.

In an effort to mitigate their marital difficulties the appellant, who is the wife, and appellee, husband, entered into a writ-

ten agreement dividing between them real estate located in the District of Columbia which they owned. As the result a small apartment house was deeded to appellant. The agreement contained, among other provisions, the following relating to these premises:

"*. * * Second Party [the husband] has represented to First Party [the wife] in this connection and First Party has relied on said representations that said premises presently produce a gross yearly income of approximately $13,074 * * *."

On the day the agreement was signed it was presented to the District Court as the basis for an order disposing of litigation between the parties. Conveyances were executed and recorded carrying out the agreed division.

It developed that the representation in the agreement as to the gross income of the apartment house was erroneous. The actual gross being $11,934 a year, or $95 a month less than represented, the wife brought this suit against her husband for damages, alleging false representations. On the trial, which was without jury, it appeared the erroneous figure was reached at a conference between counsel for both parties and the husband. In discussing values of various properties in attempting to arrive at a proper division, the husband, when the apartment house was reached, recited certain figures, saying there were so many apartments at such and such a rental. Counsel for plaintiff multiplied the number of apartments by the amount of rent and put that figure down. He then totaled the figures, arriving at $1089.50 a month. Upon being asked if this total was correct the husband replied in the affirmative. Counsel for plaintiff then multiplied the monthly total by twelve and obtained the $13,074 annual gross. Expenses were then discussed and a net revenue reached. Thereafter counsel for the wife prepared a draft agreement containing the provision above quoted. This draft was sent to counsel for the husband, who after several days returned it with notations indicating it had been perused by both him and the husband. It was then placed in final form and exe-cuted with no change in the critical provision.

Several weeks later the husband on request furnished a list of tenants with the rental of each apartment. The discrepancy then became apparent. The discrepancy is not disputed but it cannot be said to have arisen from any deliberate or intentional misrepresentation.

At the conclusion of plaintiff's case, the substance of which has been set forth, the court on motion of defendant dismissed the action for failure of evidence from which an inference of fraud could be drawn. Thereupon appeal was taken to this court.

█ It might well be that the dismissal would stand against attack except that the record indicates the trial judge reached his conclusion upon a view of the law which we deem erroneous. He said that while an innocent representation may be the basis for rescission, nevertheless if one sues for damages for fraud, as here, fraudulent intent must be proved. He pointed out that such intent may be inferred, but it seems clear he thought such inference could not be drawn if the misrepresentation were unintentional, that is, without "fraudulent intent." The reiteration by the judge of the necessity of proof of fraudulent intent indicates, though not with absolute clarity, a view on his part that the evidence must at least furnish basis for inferring an actual intent to deceive.

█ The decisions of this court do not support this view. We need not now explicitly approve all contained in them by way of dicta, but we adhere to the decisions. They hold that where a contract is executed upon the basis of a material misrepresentation of fact made by a party to it, which is relied upon, and where the party making the representation assumes to have actual knowledge of the existence of such fact, when he is conscious he has no such knowledge, or the representation is with respect to his own business or property for the purpose of being acted upon and is relied upon, the truth of which he is bound and must be presumed to know, there is actionable fraud. Milson v. Gers-

tenberg, 1915, 43 App.D.C. 165, 175–176. We think no rule casting a greater burden upon the plaintiff has been approved in this jurisdiction. The earlier case of Security Investment Co. v. Garrett, 1894, 3 App.D.C. 69, is not to the contrary, and the rule we thus restate finds support in Sovereign Pocohontas Co. v. Bond, 1941, 74 App.D.C. 175, 120 F.2d 39, and Stein v. Treger, 1950, 86 U.S.App.D.C. 400, 182 F.2d 696. In the Pocohontas case we said,

"'The rule is settled that in an action at law where the issue is fraud the party relying upon fraud must show that the misrepresentations asserted were made either with knowledge of their untruth or in reckless disregard of the truth.' * * *" 74 App.D.C. at page 175–176, 120 F.2d at page 39–40, quoting from Public Motor Service, Inc. v. Standard Oil Co. of New Jersey, 69 App.D.C. 89, 91, 99 F.2d 124, 126.

See, also, Lockwood v. Christakos, 1950, 86 U.S.App.D.C. 323, 181 F.2d 805, and Browning v. National Capital Bank, 1898, 13 App.D.C. 1. In the last cited case appears a somewhat extended review of the question, in the course of which the court said,

"* * * It has often been asserted and held by courts of high authority, that where the defendant affirms that to be true within his own knowledge which he does not know to be true, to induce another to act upon it, and it is acted upon, such affirmation is equally fraudulent and deceptive, as where he asserts that to be true which he knows to be false. There is deception in both cases, and if wrong and injury results the remedy ought to be the same. And so where a representation of a fact, susceptible of actual knowledge, is recklessly made, the party making it being indifferent how the truth of the matter really stands, and damage results, the party should be held liable.

* * *

"And though fraud and deceit are essential elements to be shown to exist, in order to maintain the action, yet it is not necessary to prove that the false representation was made from a corrupt motive of gain to the defendant, or wicked and corrupt motive of injury to the plaintiff. It is enough if the representation that is made was known to the person making it to be untrue, or that he did not know it to be true, and had no sufficient reason to believe it to be true, and which was intended or calculated to induce another to act on the faith of such representation, in a way to produce injury, and damage actually results. Such a wilful, false representation is, in a legal sense, a fraud. * * *" 13 App.D.C. at pages 14–15, 16–17.

This approach was not that of the court below in appraising the evidence. Had the law been applied as it has been set forth in our decisions the same result might have been reached, especially when it is remembered that fraud must be shown by clear and convincing evidence. Public Motor Service v. Standard Oil Co. of New Jersey, 1938, 69 App.D.C. 89, 91, 99 F.2d 124, 126, overruling pro tanto Milson v. Gerstenberg, supra. But we cannot be certain. We must therefore remand for further proceedings, in which it should be borne in mind that actionable fraud may exist where the representation of a material fact which is relied upon is false, is made with knowledge of its untruth or in reckless disregard of the truth, or, as applied to the evidence here, is made as if the defendant had actual knowledge of it, when he is conscious he has no such knowledge, or when it involves his own business or property as to which he is bound and must be presumed to know the truth. Of course damages must also be shown.[1]

Reversed and remanded for further proceedings consistent with this opinion.

---

1. Since the action was dismissed on the theory that in no view of the evidence was there actionable fraud the trial court made no decision one way or the other with respect to the amount of damages.