M. SMITH, Circuit Judge,
concurring in part and dissenting in part:
I concur in all but Part IV.C of the majority opinion. However, I disagree with the majority’s conclusion that “whether Universal’s actions were sufficient to form a subjective good faith belief about the video’s fair use or lack thereof’ presents a triable issue of fact. Universal admittedly did not consider fair use before notifying YouTube to take down Lenz’s video. It therefore could not have formed a good faith belief that Lenz’s video was infringing, and its notification to the contrary was a knowing material misrepresentation. Accordingly, I would hold that Lenz is entitled to summary judgment.
I agree with the majority’s conclusion that § 512(e)(3)(A)(v) requires copyright holders to consider whether potentially infringing material is a fair use before issuing a takedown notice. As the majority explains, a takedown notice must contain “[a] statement that the complaining-party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.” 17 U.S.C. § 512(c)(3)(A)(v). Because fair use of copyrighted material is not an infringement of copyright, such use is “authorized by ... the law.” See id. § 107. Therefore, in order to form “a good faith belief that use of the material in the manner complained of is not authorized by ... the law,” § 512(c)(3)(A)(v), a party must consider the doctrine of fair use. I also agree with the majority that § 512(f) provides a party injured by a violation of § 512(c)(3)(A)(v) with a right of action for damages, including nominal damages.
However, I part ways with the majority on two issues. First, I would clarify that § 512(f)’s requirement that a misrepresentation be “knowing[ ]” is satisfied when the party knows that it is ignorant of the truth or falsity of its representation. Second, I would hold that Universal’s actions were insufficient as a matter of law to form a subjective good-faith belief that Lenz’s video was not a fair use.
I
Section 512(f) requires that a misrepresentation be “knowing[ ]” to incur liability. In my view, when the misrepresentation concerns § 512(c)(3)(A)(v), the knowledge requirement is satisfied when the party knows that it has not considered fair use. That is, Universal need not have known that the video was a fair use, or that its actions were insufficient to form a good-faith belief about fair use. It need only have known that it had not considered fair use as such.[1]'
As the majority explains, we have previously held in Rossi v. Motion Picture Ass’n of Am. Inc. that “the ‘good faith belief requirement in § 512(c)(3)(A)(v) encompasses a subjective, rather than objective, standard.” 391 F.3d 1000, 1004 (9th Cir.2004). Rossi reasoned that a subjec *1159 tive standard comported with § 512(f)’s requirement that actionable misrepresentations be “knowing! ]”, and ultimately held that liability under § 512(f) requires “a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner.” 391 F.3d at 1005.
Universal urges us to construe Rossi to mean that liability attaches under § 512(f) only if a party subjectively believes that its assertion is false. But under long-settled principles of deceit and fraudulent misrepresentation, a party need only know that it is ignorant of the truth or falsity of its representation for its misrepresentation to be knowing. For example, in Cooper v. Schlesinger, 111 U.S. 148, 155, 4 S.Ct. 360, 28 L.Ed. 382 (1884), the Supreme Court explained that “a statement recklessly made, without knowledge of its truth, [is] a false statement knowingly made, within, the settled rule.”[2] Similarly, under the common law, “[a] misrepresentation is fraudulent if the maker ... knows or believes that the matter is not as he represents it to be, ... [or] knows that he does not have the basis for his representation that he states or implies.” Restatement (Second) of Torts § 526 (emphasis added).[3]
One who asserts a belief that a work is infringing without considering fair use lacks a basis for that belief. It follows that one who knows that he has not considered fair use knows that he lacks a basis for that belief. That is sufficient “actual knowledge of misrepresentation” to meet the scienter requirement of § 512(f). See Rossi §91 F.3d at 1005. Thus, to be held liable under § 512(f), Universal need only have failed to consider fair use, and known that it had failed to consider fair use.
II
It is undisputed that Universal’s policy was to issue a takedown notice where a copyrighted work was used as “the focus of the video” or “prominently featured in the video.” By Universal’s own admission, its agents were not instructed to consider whether the use was fair. Instead, Universal directed its agents to spare videos that had “a second or less of a Prince song” or where the song was “distorted beyond reasonable recognition.” And yet, from this, the majority concludes that “whether Universal’s actions were sufficient to form a subjective good faith belief about the video’s fair use or lack thereof’ presents a triable issue of fact.
I respectfully disagree. The Copyright Act explicitly enumerates the factors to be considered in assessing whether use of copyrighted material is fair. 17 U.S.C. § 107. Universal’s policy was expressly to determine whether a video made “significant use” — -not fair use — of the work. Nothing in Universal’s methodology considered the purpose and character of the use, the commercial or noncommercial nature of the use, or whether the use would have a significant impact on the market for the copyrighted work.[4] See § 107. There *1160 is therefore no disputed issue of fact: Universal did not consider fair use before issuing a takedown notice.
Moreover, Universal knew it had not considered fair use, because § 107 explicitly supplies the factors that “shall” be considered in determining whether a use is fair. Id. I see no reason in law or logic to excuse copyright holders from the general principle that knowledge of the law is presumed. See United States v. Int’l Minerals & Chem. Corp., 402 U.S. 558, 562-63, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971) (holding that the use of the word “knowingly” did not evince a legislative intent to “earv[e] out an exception to the general rule that ignorance of the law is no excuse”). As explained above, that is sufficient in my view to conclude that Universal’s takedown notice was a knowing misrepresentation.
Based on Rossi’s holding that a subjective good-faith belief in infringement is sufficient to satisfy § 512(c)(3)(A)(v), 391 F.3d at 1005, the majority disagrees. But the majority’s reading of Rossi would insulate from liability any subjective belief in infringement, no matter how poorly formed. Rossi did not abrogate the statutory requirement that the belief be held in good faith. I would therefore hold that a belief in infringement formed consciously without considering fair use is no good-faith belief at all. See Cooper, 111 U.S. at 155, 4 S.Ct. 360 (holding that such a belief is a knowing misrepresentation). And to assert in good faith that a use is not fair, a party must consider the statutory elements of fair use set forth in § 107. Merely evaluating whether a use is “significant” is not enough.
The majority’s unfortunate interpretation of § 512(f) would permit a party to avoid liability with only the most perfunctory attention to fair use. Such a construction eviscerates § 512(f) and leaves it toothless against frivolous takedown notices. And, in an era when a significant proportion of media distribution and consumption takes place on third-party safe harbors such as YouTube,[5] if a creative work can be taken down without meaningfully considering fair use, then the viability of the concept of fair use itself is in jeopardy. Such a construction of § 512(f) cannot comport with the intention of Congress.
In sum: Universal represented that it had formed a good-faith belief that Lenz’s video was an infringement of copyright— that is, that the video was not fair use. Because Universal did not actually consider the factors constituting fair use, its representation was false — a misrepresentation. Because those factors are set forth in § 107 (and § 107 expressly states that a fair use “is not an infringement of copyright”), Universal’s misrepresentation was knowing. And because there is no further *1161 disputed issue of fact concerning liability, I respectfully dissent.

. I do not believe that, in this regard, my construction conflicts with that of the majority. Although the majority does not squarely address § 512(f)'s scienter requirement, it leaves for the jury only the question “whether Universal’s actions were sufficient to form a subjective good faith belief about the video’s fair use or lack thereof.”

. See also Sovereign Pocohontas Co. v. Bond, 120 F.2d 39, 39-40 (D.C.Cir.1941); Knickerbocker Merch. Co. v. United States, 13 F.2d 544, 546 (2d Cir.1926); L J Mueller Furnace Co. v. Cascade Foundry Co., 145 F. 596, 600 (3d Cir.1906); Hindman v. First Nat’l Bank, 112 F. 931, 944 (6th Cir.1902).

. The Second Restatement refers to “fraudulent misrepresentation,” rather than "knowing” misrepresentation. See Restatement (Second) of Torts § 526. However, as the Restatement clarifies, the requirement that a misrepresentation be "fraudulent” refers "solely” to the party’s knowledge of misrepresentation. See id. cmt. a. The Restatement’s definition of "fraudulent” is therefore persuasive authority for construing the meaning of "knowingly.”

.Had Universal properly considered the statutory elements of fair use, there is no doubt that it would have concluded that Lenz’s use of Let’s Go Crazy was fair. See, e.g., TCA Television Corp. v. McCollum, 2015 WL 9255341 (S.D.N.Y. Dec. 17, 2015) (finding on *1160 a motion to dismiss that the use in a Broadway show of one minute and seven seconds of the Abbott and Costello routine Who's On First? was fair because the use was "highly transformative” and unlikely to usurp the market for the original); SOFA Entm’t, Inc. v. Dodger Prods., Inc., 709 F.3d 1273 (9th Cir.2013) (affirming summary judgment that use of a seven-second clip of The Ed Sullivan Show was fair for similar reasons). Universal's "significant use” analysis, by contrast, is more like determining whether a use is de minimis, a much more stringent test than fair use. See Sandoval v. New Line Cinema Corp., 147 F.3d 215, 217 (2d Cir.1998).

. See Statistics, YouTube, https://www. youtube.com/yt/press/statistics.html (last visited Feb. 2, 2016) (reporting that "every day people watch hundreds of millions of hours on YouTube” and that YouTube "reaches more 18-34 and 18-49 year-olds than any cable network in the U.S.”).