JOHN F. POWERS, Respondent, *vs.* GEORGE F. AMES and GUILFORD D. GEORGE, Appellants.

APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

The objection that the Court has not jurisdiction of the subject matter of the action, must appear affirmatively in the complaint to justify a demurrer for that cause. It is not enough that the complaint fails to allege facts showing jurisdiction ; the objection in that case must be taken by an answer.

Points and authorities of Respondent.

I.—The facts alleged are sufficient to constitute a cause of action for damages.

II.—The facts alleged are sufficient to constitute a cause of action to abate the nuisance.

III.—The District Court only has jurisdiction of the cause of action to abate the nuisance, and of the amount of damages claimed.

F. R. E. & W. B. CORNELL, Counsel for Appellants.

HENRY HINDS, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—There would seem, by our system of practice, to be but six objections to a complaint, or to a

cause of action mentioned therein, of which the Defendant can take advantage by demurrer. These objections are specifically enumerated, and must appear upon the face of the pleading, else the objection must be taken by answer. And it is further specially provided, that unless the grounds upon which any of these objections may be taken be distinctly specified, the demurrer may be disregarded and treated as a nullity.

The Defendant in this case alleged one of these general objections, that is, that the complaint does not state facts sufficient to constitute a cause of action, as the cause of their demurrer; and specified another, to wit, that the Court has no jurisdiction of the subject matter of the action, as the ground upon which the former was taken. This is not a compliance with the requirements of the statute; but as the Plaintiff makes no objection on this ground, we will examine the demurrer on the grounds specified by the Defendants in their brief or argument.

The gist of the argument is that the complaint does not show that the premises which are alleged to have been injured by the dam which the Defendants erected are within the county of Hennepin, where the action was commenced. This is a mere negative objection, however, and would not warrant a demurrer. The complaint should show affirmatively that the Court has no jurisdiction—that the premises are wholly without the county; otherwise the fact, if it exists, should be pleaded—whereas it by no means appears from this complaint that the premises therein described, or some part thereof, are *not* within the county of Hennepin. At the worst, they only fail to show them to be within said county.

But passing over this, if there is anything as to the locality of the premises injured, to be gathered from the complaint, we should say, that, as the Plaintiff alleges that the two forks of Crow River unite on these premises, and form the Crow River proper, which forms the boundary line between the county of Wright and said county of Hennepin, and that the waters of said river, and both of its forks or branches, flow *through* the premises described, the inference is tolerably clear that a part

thereof must, in consequence, be in one of the counties named, and a part in the other, which would authorize the commencement of the action in either. And, should it be still objected that it is not alleged with sufficient distinctness that said Crow River forms the boundary between said counties at this particular point, it may be answered that the act organizing the county of Hennepin ( *Com. Stat.*, *p.* 77, *sec.* 22, and of which we may take judicial notice,) makes said river the boundary, from the forks thereof to its mouth.

The judgment of the Court below, overruling the demurrer, is affirmed.