JONATHAN H. BROWN *vs.* GEORGE S. GRANT, impleaded, etc.

November 16, 1888.

**Partnership as to Third Person — Ground of Liability — Estoppel.** — The liability of one who, not being in fact a partner, suffers himself to be held out as such, rests upon the principle of estoppel. The person seeking to enforce such a liability must have acted in his dealings with reliance upon the existence of a partnership relation or responsibility.

**Same—Evidence of Plaintiff's Knowledge.**—Evidence considered insufficient to show notice or knowledge of such assumed relation at the time of the dealings in question.

**Same — Sources of Plaintiff's Knowledge.**—Proof of information upon that subject, communicated to the plaintiff, is admissible to show such notice or knowledge, and is not objectionable as hearsay evidence.

**Same—Account Stated—Effect.**—The mere stating of an account between the actually contracting parties does not impose a liability upon another who, *after* the dealings in question, may be discovered to have been held out as a partner.

Appeal by defendant Grant, impleaded as an alleged copartner of the defendant C. D. Vernon, from an order of the district court for Hennepin county, *Hicks,* J., presiding, refusing a new trial after verdict for plaintiff.

*S. R. Child,* for appellant.

*Armstrong Taylor,* for respondent.

DICKINSON, J. By the complaint in this action the defendants are charged as copartners, doing business under the name of the "Vernon Dairy Company," for the price of milk sold by the plaintiff and by one Wright and by one Noble, between the 1st of May and the 1st of September, Wright and Noble having assigned their causes of action to the plaintiff. The defendant Grant interposed a defence, putting in issue the alleged copartnership, as well as the other facts alleged in the complaint. The question to which our attention will be principally given is whether the case justified a recovery against Grant. The respondent does not now attempt to sustain that recovery upon the ground that a copartnership actually existed during the period over which these sales extended, but upon the theory that Grant was, with his own consent, held out as a partner responsible for the debts contracted in the prosecution of the business by Vernon. In this connection we will say, without referring particularly to the evidence, that there was evidence in the case to have justified the conclusion by the jury that Grant had been thus, by his own consent, placed in a position where he would be estopped to deny his responsibility as to those who might be shown to have acted upon the faith of that responsibility. But as there was no partnership in fact, and no contract with Grant, it was necessary, in order to charge him with liability for the obligations of Vernon, with whom the contracts sued upon were made, that a case should be presented which would justify the inference that the parties whose accounts are here in question had reason to believe, at the time of the transactions, that Grant was or had been held out to be a partner. *Thompson* v. *First Nat. Bank,* 111 U. S. 529, (4 Sup. Ct. Rep. 689;) *Denithorne* v. *Hook,* 112 Pa. St. 240, (3 Atl. Rep. 777;) *Wood* v. *Pennell,* 51 Me. 52; *Hefner* v. *Palmer,* 67 Ill. 161. Upon this point the plaintiff offered proof, which was excluded; and, with a view to another trial, we will

say that the testimony of Vernon as to whether he told these parties, when he made the contracts, that Grant was a partner, or responsible as such, should have been received, if the theory of an estoppel, upon which the plaintiff's case now rests, was suggested to the trial court. Such evidence would be admissible, (in connection with proof that Grant had allowed himself to be held out as a partner,) not to prove a partnership in fact, but to prove one of the conditions necessary to create an estoppel; that is, the understanding or information upon which the party claiming an estoppel had acted. Other evidence of a like character was excluded upon the trial. There was evidence that Noble understood, from the beginning of his dealings, that Grant was responsible as a copartner. It is doubtful whether the case shows any such understanding on the part of Brown prior to some time in June. There is shown the bare fact that, soon after he commenced shipping milk, he received letters signed by Vernon upon paper bearing the letter-head, "C. D. Vernon, Geo. S. Grant. Vernon Dairy Company." Brown was himself a witness in the case. But, without passing upon the sufficiency of the evidence to sustain the case of Brown in this respect, we will refer to the case of Wright. We find no evidence that, prior to some time in June, Wright had any notice or understanding that Grant had been held out as a partner; and, in the absence of such proof, there would be no cause of action against Grant for goods sold prior to that time. As to what had been sold to Vernon without information of, and without regard to, any supposed relationship of Grant to the transaction, there would be no ground for an estoppel. If it be assumed that, after the time in June above referred to, when, as certain evidence went to show, Brown and Wright had notice of Grant's supposed responsibility, that would not help the case as it stands; for there is no proof as to the amount of the indebtedness accruing for goods sold after that date, and the extent to which the verdict may be erroneous cannot be pointed out. A new trial seems to be necessary. It may be added that the amount of Noble's account was not accurately shown, if, as seems probable, from the undisputed testimony of Vernon, some deduction should have been made for sour milk.

The objections to the verdict to which we have referred were not

obviated by the fact that the accounts of Brown and Wright were agreed upon and stated between them and Vernon on the 6th of September. That does not avoid the difficulty arising from want of proof of Grant's liability for so much of the account as accrued prior to an indefinite date in June. His liability rests only upon the ground of estoppel; and, as to such transactions as were unattended by the conditions creating an estoppel, he could not be held. As to such transactions the mere stating of the accounts with Vernon did not impose a contract liability upon Grant, nor estop him from disputing his liability.

Order reversed.