FRANCES E. RIGGS v. SAMUEL S. THORPE and Another.[1]

January 18, 1897.

Nos. 10,253—(202).

**Rescission of Contract—Fraud—Evidence.**
*Held,* in an action for rescission of a contract upon the ground of fraud, that the verdict was supported by the evidence.

**Assignments of Error.**
Assignments of error relating to the rulings of the trial court upon the admission of evidence, and also to its refusal to charge as requested by defendants' counsel, considered and disposed of.

Appeal by defendants from an order of the district court for Hennepin county, Smith, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $499.68. Affirmed.

[1] Reported in 69 N. W. 891.

The fifth request of defendant to charge was as follows:

Fifth. That in the absence of confidential relations, if the subject of the negotiation was one in respect to which the defendants and the agent of the plaintiff had equal opportunities for investigation, and for knowledge of existing facts, the agent was bound to observe for himself the value, and the condition of the lots as to improvement, and could not rightfully rely on any statement of the defendants in relation thereto.

*Woods, Kingman & Wallace*, for appellants.
*M. P. Brewer*, for respondent.

COLLINS, J.   Action for rescission of a contract, plaintiff alleging in her complaint that she was induced to purchase from defendants, mortgage note brokers, and, in connection with another person, fire insurance agents, a promissory note and a real-estate mortgage securing the same, relying upon false and fraudulent statements and representations made by them, that there was a dwelling house upon the mortgaged premises, city lots, then occupied by the mortgagors, of a value exceeding the amount of the note, when, in fact, there was no house upon the premises, and never had been.   The appeal is from an order denying defendants' motion for a new trial after a verdict for plaintiff.

The assignments of error challenge the sufficiency of the evidence to support the verdict, the correctness of certain rulings upon the admissibility of testimony, and also rulings whereby the court refused to charge as requested by counsel for defendants.

1. Plaintiff's agent, who transacted the business for her, testified positively that one of the defendants told him, at the time the negotiations were had, and the note and mortgage bought and paid for, that there was a dwelling house upon the premises, then occupied by the mortgagors, husband and wife.   The defendant in question denied this, and, as between these two witnesses, it was for the jury to determine.   But, it being uncontradicted that neither of the defendants had then seen the lots, it is the contention of counsel that, from the evidence, it conclusively appears that a positive statement of this character could not have been made, or, if positive in form, the agent must have understood that the defendant who made it was merely communicating to him statements concerning the house

which had been made by the mortgagors, and was not stating anything as of his own knowledge.

The evidence upon which counsel relies as disposing of the agent's testimony concerning the unequivocal statements of one of the defendants is found in the mortgagor's application for the loan, which was read by the agent before he purchased the note and mortgage, in which it was stated that the amount of the loan was to be used in building a house. But, even if this could be regarded as an assertion that there was no house upon the premises at the date of the application,—and of this there is much doubt, because, from other parts of the application, it appeared that there was,—counsel seems to have overlooked the fact that the note, mortgage, and application bore date February 6, 1892, and that the agent first saw them after April 19, and also that with the papers presented for his examination was a policy of insurance, issued from the agency of which defendants were members, dated April 19, purporting to insure a dwelling house situated upon the mortgaged lots, and occupied by the mortgagors, with loss, if any, payable to the mortgagee.

Notwithstanding the statement in the application as to the purpose for which the loan was made, it might readily be presumed by the agent, more than two months after it was signed, that the house had been completed, especially when, accompanying the papers, was a policy insuring the house, issued out of defendants' agency. Instead of conclusively showing to the agent that the house had not yet been built, the note, mortgage, application, and policy would serve to confirm an unqualified statement, made by one of the defendants, that there was a house upon the lots. We need not further discuss the evidence. It was ample to support the verdict.

That a false representation as to a material fact was made, and that the plaintiff's agent believed the representation to be true, and relied upon it, was sufficiently shown. And while an intent to deceive is an essential ingredient in these cases, positive proof that a party making the representation knows it to be untrue is not necessary. The rule in actions of this kind has frequently been stated by this court, and is that, where one makes a false representation of a material fact susceptible of knowledge, knowing it to be false, or makes such representation as of his own knowledge when he does

not know whether it is true or false, with intent to induce the person to whom it is made to rely upon it, and this person does rely upon it, is deceived, and is pecuniarily damaged, it is deceit which will avoid the contract. The trial court so charged the jury. When the knowingly false statement is as to the belief of the party, or is as to his knowledge of the fact he assumes to state, intent to deceive is the fair and reasonable inference.

2. Counsel requested the court to charge that, "unless the jury are satisfied that defendant made fraudulent representations with intent to defraud the plaintiff," she could not rescind the contract and recover in this action. The court's refusal so to charge is assigned as error. In its general charge the court fully and fairly stated the law applicable to the case, and, under the facts and circumstances which had appeared in evidence, the request to charge, if given, would simply tend to mislead. And again, the language of the request left it to be inferred as to what extent and how the jury should be "satisfied" that the false representations had been made. In this respect it might, also, be misleading.

3. What has been said in reference to the rules of law governing this case disposes of counsel's claim that the fifth request to charge should have been given, and also to the exception to that part of the given charge in which the court stated that it was not incumbent upon plaintiff's agent to personally inspect the property before relying upon the alleged statement.

4. The mortgagor who applied for the loan, and who transacted, with one of the defendants and their clerk, all of the business for himself and his wife, was allowed to testify, over defendants' objection that, before he obtained the money upon the note, he informed such defendant that he had concluded not to build a house upon the mortgaged lots. The purpose of this evidence was to show that the defendants knew, when disposing of the note and mortgage, that there was no house upon the premises, and that, before obtaining the money from the mortgagee, the mortgagors had abandoned all intention to build, and, if the positive statement referred to was made to plaintiff's agent, that it was then known to be false. The evidence was material, and admissible upon this point. Other assignments of error need no special mention.

Order affirmed.