IN RE ESTATE OF RHODA GREENWOOD.
WILLIAM J. ARMSTRONG ET AL., APPELLANTS, V. JOHN T.
GREENWOOD, EXECUTOR, APPELLEE.

FILED FEBRUARY 6, 1909. No. 15,448.

Executors and Administrators: FINAL ACCOUNT: OPENING. After making his final report, and securing an order approving the same and discharging him from his trust, an executor filed a petition to permit him to account for mortgages which he held in a trust capacity under the will, whereupon legatees objected in general terms to his discharge as executor, for the reason that the charges made by the executor are excessive and not according to law. *Held*, That such objections were insufficient to require the county court to reopen the former proceedings for the purpose of reviewing the expenditures and charges contained in the final report of the executor.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*John C. Watson,* for appellants.

*Pitzer & Hayward, contra.*

EPPERSON, C.

The appellee was executor of the last will of his deceased wife, and was also by the will appointed trustee of certain property of which his and the decedent's son, an incompetent, was the beneficiary. He filed his petition for discharge and his final report, in which he alleged the expenditure of various sums of money, the greater part of which seems to have been as trustee. No objections were made, and on February 20, 1906, he secured an order approving his final report and discharging him as executor. In July following he filed a petition in the county court, alleging an omission from his final report of mortgages, aggregating $3,000, which he had received in his capacity as trustee. He also alleged the expenditure of $314.85 since the order of his discharge. He

prayed that he be permitted to add said mortgages to his final report, and that he be credited with the items of expenditure and certain other funds which he had delivered to his successor in the trust estate. The appellants, who were given a remainder in property disposed of in the residuary clause of decedent's will, then filed objections "to the discharge of the executor herein, Joseph T. Greenwood, for the reason that the charges made by the said executor are excessive and not according to law." No other objections were made, and the county court permitted the order of February 20 to be opened for correction and modification, for the reasons set forth in the executor's petition, and for no other purpose.

The objections filed by the appellants to the discharge of the executor do not specifically assail the items of expenditure shown by the reports of the executor filed prior to February 20, 1906; nor does it appear from the instrument itself that the appellants attempted to assail such expenditures, all of which had been previously reported and allowed upon a final hearing, from which no appeal was taken. The executor himself only prayed that he might be permitted to report property previously omitted. In such cases we think that the county court has a discretion to say to what extent he should inquire into the former proceedings had. Had the legatees assailed the former final report of the executor, and alleged sufficient reasons for not assailing the same at the time of the hearing thereon, the court should consider the same and correct any errors made. But under the circumstances of the case, wherein such expenditures were not specifically questioned in any objections filed, and no reason shown for not previously objecting, we cannot say that the county court erred in confining his inquiries to the matters presented in the application of the executor. Upon appeal in the district court the issue was confined to the matters tried by the county court. No attempt was made to defeat the later expenditures alleged by the executor, which were proved by the evidence.

Finding no error in the record, we recommend that the judgment of the lower court be affirmed.

Duffie, Good and Calkins, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

Affirmed.