## J. N. MILLER v. GJORGEN T. NATWICK.[1]

### April 22, 1910.

### Nos. 16,520—(68).

Vacating Stipulation for Judgment.

> Action of ejectment. *Held*, that the trial court did not err in denying defendant's motion to vacate a stipulation by his attorneys for judgment against him; nor in receiving in evidence a judgment of the circuit court of the United States, in an action between the plaintiff's remote grantor and the defendant herein, wherein it was adjudged that such grantor was the owner and entitled to the possession of the land here in question. It was not necessary to plead such judgment.

Action of ejectment in the district court for Norman county and

[1]Reported in 125 N. W. 1022.

for $800 damages for the wrongful occupation of the land. The answer set up title by adverse possession. The case was tried before Grindeland, J., who ordered judgment in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Peter Matson,* for appellant.

*Hammond & Burns,* for respondent.

START, C. J.

Action to recover possession of the northeast quarter of section 7, township 144, range 44, in the county of Norman. The complaint alleged plaintiff's ownership of the land in fee, right to possession, and that the defendant wrongfully withheld the possession thereof. The complaint also alleged that the defendant's true name was Gjorgen T. Natwick, but that he had been known as J. Natwick, and that by the latter name he was a party defendant in an action in the circuit court of the United States for the District of Minnesota, brought by the receivers of the Northern Pacific Railroad Company, in which it was afterwards substituted as plaintiff, and that a judgment was duly rendered therein. The complaint, however, contained no allegations as to the subject-matter of the action, nor did it state in whose favor the judgment was rendered. The answer denied the allegations of the complaint, and alleged that defendant was the owner in fee of the land by adverse possession.

The cause was on the trial calendar of the May, 1907, term of the court, and was called for trial on May 24, 1907. Thereupon it was stipulated in open court by the attorneys of the respective parties that judgment might be entered in favor of the plaintiff, and against the defendant, to the effect that the plaintiff was the owner of the land and entitled to the immediate possession thereof, and for his costs. The court on such stipulation ordered judgment in accordance with its terms, and it was entered accordingly on November 11, 1907. On the same day the defendant paid the costs and disbursements and demanded another trial, pursuant to R. L. 1905, § 4430, by notice to the plaintiff. The case was then placed on the trial calendar of the court for the May term, 1908. At this term a motion was made by

110 M.—29.

substituted attorneys of the defendant to set aside the stipulation for judgment, the order, and the judgment on the ground that his then attorneys had no authority to make the stipulation and that he never had any knowledge of the making of the stipulation or judgment until ten days prior to the making of his affidavit upon which the motion was based. The motion was heard and denied before the commencement of the trial of the action, and on May 22, 1908, the plaintiff submitted the affidavits of four different persons in opposition to the motion. "Defendant asked permission of the court to present oral testimony in opposition to the affidavits filed by the plaintiff, which was denied. Thereupon defendant asked permission to file counter-affidavits in opposition to the affidavits filed by plaintiff, which was also denied. The defendant took exceptions to the ruling of the court on these two requests." Thereafter, and on May 23, 1908, the case was called for trial and was tried by the court without a jury.

The court made findings of fact to the effect following: That defendant's true name is Gjorgen T. Natwick. On April 2, 1900, in an action then pending in the circuit court of the United States for the District of Minnesota, in which the plaintiff was the Northern Pacific Railway Company, substituted in the place of the receivers of the Northern Pacific Railroad Company, and the defendant was the same person who is defendant herein, but whose name was, in the action pending in the circuit court, written "J. Natwick," a judgment was duly entered therein. The circuit court then and there had jurisdiction over the subject-matter of the action and of the parties thereto, one of whom was the defendant in this action. The Northern Pacific Railway Company by such judgment was decreed to be the owner and entitled to the possession of the land here in question. Thereafter the Northern Pacific Railway Company deeded the land to the D. S. B. Johnston Land Company, which, on the sixteenth day of December, 1901, deeded it to the plaintiff herein, and since then he has held record title thereto. The defendant has, since December 16, 1901, been wrongfully in possession thereof. As a conclusion of law, judgment was ordered for the plaintiff. The defendant appealed from an order denying his motion for a new trial.

1. The defendant claims that the court erred in denying his motion to set aside the stipulation, the order, and the judgment based thereon. It is not entirely clear that the defendant can review the order denying the motion, refusing to set aside the stipulation on an appeal from an order denying his motion for a new trial, because the motion to set aside the stipulation was technically no part of the trial. However, we pass the question and dispose of defendant's contention on the merits.

If the affidavits presented to the trial court in opposition are credible—and of this it was the judge—the evidence is amply sufficient to sustain a finding that the attorneys who stipulated for judgment were fully authorized to do so by the defendant, who then fully understood the whole matter, and consented thereto after the whole matter had been discussed at length by him, his brother, and his attorneys. The defendant's request for permission to present oral evidence in opposition to the affidavits presented by the plaintiff, even if the request had been sufficient in substance, was a matter in the discretion of the trial court, and there is nothing in the record to indicate any abuse of its discretion. Strom v. Montana Central Ry. Co., 81 Minn. 346, 84 N. W. 46. Nor does it appear from the record that the court erred in denying the defendant's request for permission to file counteraffidavits in opposition to those filed by the plaintiff. No affidavits were offered, nor was there any statement of what facts it was proposed to show by affidavits, to be filed at some indefinite time, so that the court could determine whether they would be competent and material. The case is within the rule that an offer of evidence must be full enough to show the court its competency and materiality. Knatvold v. Wilkinson, 83 Minn. 265, 86 N. W. 99. Upon the record we hold that the defendant's motion to set aside the stipulation, order, and judgment was rightly denied.

2. It was admitted on the trial of the action that the defendant had been in the exclusive possession of the land since the year 1882, but it was patented by the United States to the Northern Pacific Railroad Company on May 29, 1896, less than fifteen years before the commencement of this action, and the evidence showed that its title, by

mesne conveyances, had been conveyed to the plaintiff. The plaintiff also introduced, over the objection of the defendant, a duly authenticated copy of a judgment in an action in the circuit court of the United States wherein it was adjudged that the plaintiff therein was the owner in fee of the land here in question and that the plaintiff recover possession thereof from the defendant, who is also defendant in this action. It appears from the judgment roll in the action in the circuit court that the defendant entered a general appearance therein and demurred to the complaint, which was overruled. The defendant assigns as error the admission in evidence of the judgment.

It is urged in this connection that the judgment is void on its face, because the circuit court was without jurisdiction to award it, for the reason that it does not appear therefrom or from the judgment roll that the value of the land in controversy exceeds $2,000. A like question was raised in the case of Pierro v. St. Paul & Northern Pacific Ry. Co., 37 Minn. 314, 34 N. W. 38, and it was held that a judgment of a circuit court of the United States is supported by a presumption of jurisdiction, unless the contrary is disclosed by the record. Whether this rule conflicts with the decisions of the supreme court of the United States, holding that it is error for a circuit court to proceed in any case unless its jurisdiction is affirmatively shown (see Continental Ins. Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. Ed. 380), we need not inquire, for it affirmatively appears from the record of the judgment that the court had jurisdiction. The record shows that the action was commenced by receivers appointed by a federal circuit court to recover possession of property which the court, through its receivers, held and was administering. Such facts gave the circuit court jurisdiction without reference to the amount in controversy. White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67.

It is also contended that the circuit court had no jurisdiction to determine the title to the land, but only the right of possession, because such was the prayer of the complaint for judgment, and the defendant did not answer. The record, however, shows that the plaintiff's right to possession depended upon the title to the land, which was

necessarily determined by the judgment for the plaintiff, and that the defendant personally appeared in the action.

Again, it is urged that the judgment was not properly pleaded in the complaint. This is true; but it was not necessary to plead it, for this is not an action on the judgment. It was offered and received in evidence on the trial as evidence relevant to the issue as to the plaintiff's title to the land and his right to the possession thereof, which were properly alleged in the complaint, which states a cause of action. It is neither necessary nor good practice to plead mere evidence, and in this case it was no more necessary to plead the judgment than it would have been to have pleaded the patent and deeds which were evidence of the plaintiff's title.

The last objection urged to the judgment is that it is void "because it does not contain the seal of the court." A judgment is neither a writ nor a process, and need not contain the seal of the court. R. S. § 911.

It is also claimed by the defendant that, if the judgment be valid, it constitutes a bar to the maintenance of this action in a state court; but it was not so pleaded in this action. Therefore it is unnecessary to consider what effect in this respect the judgment would have if the question was before us. It follows that the judgment was rightly received in evidence.

3. The other assignments of error we do not consider, because they are not urged in the brief of defendant, and are deemed waived. Dunnell, Pr., § 1800.

Order affirmed.