**WILSON'S, INC., Respondent,**

v.

**TWIN CITY FREIGHT, INC., Appellant.**

**No. C9–85–1425.**

Court of Appeals of Minnesota.

Dec. 17, 1985.

Carl Baer, Kief, Fuller, Baer, Wallner &
Rodgers, Ltd., Bemidji, for respondent.

Thomas A. Briant, Stanley C. Olsen, Jr.,
Olsen, Snelling & Christensen, P.A., Edina,
for appellant.

Heard, considered and decided by PAR-
KER, P.J., and FORSBERG and NIEREN-
GARTEN, J.

## OPINION

PARKER, Judge.

This is an appeal from a summary judg-
ment in favor of respondent Wilson's, Inc.,
in an action to enforce a voluntary offer of
settlement. Appellant Twin City Freight,
Inc., contends the trial court erred because
genuine issues of material fact exist as to
whether respondent misrepresented the ex-
tent of damages and because the award of
attorney's fees was not authorized by con-
tract or statute. We affirm.

## FACTS

In February 1984 appellant Twin City
Freight, Inc., delivered a suntanning bed to
respondent Wilson's, Inc. Wilson's subse-
quently notified Twin City that the bed was
damaged. Twin City sent an investigator
to inspect the bed. The investigator pre-
pared a form submitting a claim for
$4,841.44 in damages, an amount equal to
the full replacement cost of the bed.

In a letter from its claims manager, Twin
City disallowed Wilson's claim in full be-
cause "[t]here is nothing in this file to
indicate that there was any negligence on
the part of the carriers in handling your
shipment." Nonetheless, the claims man-
ager made a "voluntary offer of settlement
in the amount of $2,850.00" "in order to
handle [the] claim to a conclusion."

Wilson's accepted the offer to settle
three days later. In a subsequent letter
Twin City acknowledged this acceptance
and informed Wilson's it needed a copy of
the paid invoice from the supplier. Wil-
son's sent the document, again mentioning
its acceptance of the settlement offer.
Twin City thereafter submitted a claim to
one of the tanning bed carriers, Indianhead
Truck Lines, Inc., for 63 percent of the

amount it had offered, with the following remarks: "Voluntary offer of settlement has been accepted by consignee. Please remit your pro rate share." Twin City subsequently notified Wilson's it "must retract" the voluntary offer of settlement. Wilson's brought this action, seeking enforcement of the settlement agreement and an award of attorney's fees. At oral arguments this court was informed that Indianhead had refused to participate in the claim.

Wilson's moved for summary judgment. Twin City did not appear at the hearing and merely submitted a brief "in lieu of a personal appearance." Wilson's motion for summary judgment was granted, and judgment was entered against Twin City for $2,850, the amount Twin City had offered in settlement; $256.50 interest at 9 percent for one year; $602.50 attorney's fees; and $66 in costs. Twin City appeals.

## ISSUES

1. Did the trial court err in granting respondent's motion for summary judgment?

2. Did the trial court abuse its discretion in awarding respondent attorney's fees?

## DISCUSSION

### I

Settlement of disputes without litigation is highly favored; such agreements will not be lightly set aside by the courts. *Johnson v. St. Paul Insurance Co.*, 305 N.W.2d 571, 573 (Minn.1981) (citing *Schmidt v. Smith,* 299 Minn. 103, 216 N.W.2d 669 (1974)). The party seeking to avoid a settlement has the burden of showing sufficient ground for its vacation. *Schoenfeld v. Buker,* 262 Minn. 122, 114 N.W.2d 560 (1962). Minnesota courts will set aside or avoid settlements "(1) [f]or fraud or collusion; (2) for mistake; or (3) where the stipulation was improvidently made and in equity and good conscience should not be allowed to stand." *Keller v. Wolf,* 239 Minn. 397, 399, 58 N.W.2d 891, 894 (1953).

Summary judgment may be granted if "there is no genuine issue as to any material fact and * * * either party is entitled to a judgment as a matter of law." Minn.R. Civ.P. 56.03.

On appeal from a summary judgment it is the function of this court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). The trial court must view the evidence in the light most favorable to the nonmoving party; on appeal this court must view the evidence most favorably to the one against whom the motion was granted. *Grondahl v. Bulluck,* 318 N.W.2d 240, 242 (Minn.1982).

Twin City contends a genuine issue of fact exists as to whether Wilson's "materially misrepresented the dollar value of the damage to the suntan bed" by submitting a claim for $4,841.44, the replacement cost of the bed. It argues the bed was actually repaired for under $300 and was in use when Wilson's accepted the offer to settle. To prove misrepresentation a number of elements must be established, including justifiable reliance upon another's false representation. *See Johnson Building Co. v. River Bluff Development Co.,* 374 N.W.2d 187, 193–94 (Minn.Ct.App.1985) (setting out elements of fraudulent misrepresentation). As the trial court makes clear, there was no reliance in this case; Twin City made its offer to settle relying on the form and report written by its own investigator, not on any statements made by Wilson's. Moreover, there were no false representations; the mere fact the bed was put "in working order" for a relatively minor amount does not mean Wilson's falsely made a claim for excessive damages. The bed was "in working order"; there is no evidence that it was undamaged and like new.

At oral arguments Twin City claimed it sought to withdraw the offer because it was defrauded. We find this

position disingenuous. At the time of its attempted revocation, Twin City did not yet know the unit was in use and had been put "in working order" for a relatively minor amount. Indeed, the evidence shows Twin City withdrew its offer only after a carrier refused to participate in the claim.

Twin City also contends Wilson's is receiving a windfall at its expense. This claim is without evidentiary support and is logically dubious; to have put damaged goods "in working order" by an expenditure of a minor amount leaves open the broad question of whether the goods are in new and undamaged condition. A compromise offer of settlement was accepted; Wilson's contends it decided to "make do" with damaged but usable goods. There is no evidence of a windfall.

## II

Minn.Stat. § 549.21 (1984) authorizes an award of attorney's fees where the unsuccessful party acted in bad faith, vexatiously, or for oppressive reasons. *Nelson v. Engen*, 347 N.W.2d 57 (Minn.Ct.App. 1984). A trial court's award of attorney's fees will not be reversed absent an abuse of discretion. *National Recruiters, Inc. v. Toro Co.*, 343 N.W.2d 704 (Minn.Ct.App. 1984) (citing *Blattner v. Forster*, 322 N.W.2d 319 (Minn.1982)).

Twin City did not appear before the trial court for the summary judgment motion, yet it now claims it had no notice of Wilson's motion for attorney's fees. To qualify for an award of attorney's fees under § 549.21, a party must give "timely notice of intent to claim an award." *Id.* The record indicates Twin City received ample notice: Wilson's sought attorney's fees in its complaint; Wilson's motion for summary judgment was based upon "all the files, records and proceedings herein"; and prior to the hearing on the motion for summary judgment, Wilson's submitted a memorandum seeking fees and an affidavit of costs and attorney's fees.

Although the trial court awarded Wilson's attorney's fees without comment, the record amply supports the award. It appears there has been a lack of good faith throughout this litigation. At the time Twin City revoked the offer, it was not in possession of the information it now claims amounts to misrepresentation, i.e., that the bed was in use and that the cost of putting the bed "in working order" was relatively minor compared to the damages claimed. Additionally, Twin City denied matters in its answer which were not in controversy. Particularly, it denied paragraphs in the complaint which included allegations that Wilson's made a claim for damages, that Twin City engaged the investigator who examined the bed, that Twin City's claims manager had made a voluntary offer of settlement, and that Wilson's accepted the offer. Minn.R.Civ.P. 8.02 requires a party to deny only that portion of a paragraph containing a claim the pleader has a basis for denying and to admit the rest. *Id.* Bad faith denials may violate Minn.R.Civ.P. 11, which provides that an attorney's signature certifies he has read the pleading and to the best of his knowledge it is well grounded in fact. *Id.* Under such circumstances, § 549.21 authorizes granting reasonable attorney's fees. *Id.*

## DECISION

The record amply supports the trial court's award of summary judgment to respondent; the facts are undisputed and the evidence fails to support appellant's claim of misrepresentation.

The trial court's award of attorney's fees to respondent was warranted because there has been a lack of good faith throughout this litigation.

Affirmed.