Byron T. SNIDER and Sigrid E. Snider, on behalf of themselves and all others similarly situated, Respondents,

v.

STATE of Minnesota, DEPARTMENT OF TRANSPORTATION, Appellants.

No. C2-89-559.

Court of Appeals of Minnesota.

Sept. 19, 1989.

John L. Prueter, Derck Ammerman, Minneapolis, for respondents.

Hubert H. Humphrey, III, Atty. Gen., David L. Phillips, Sp. Asst. Atty. Gen., St. Paul, for appellants.

Considered and decided by SCHUMACHER, P.J., FORSBERG and GARDEBRING, JJ., without oral argument.

## OPINION

FORSBERG, Judge.

Byron and Sigrid Snider brought this action on their own behalf and for others similarly situated to recover money wrongfully withheld by the State of Minnesota, Department of Transportation (State) for taxes when the State purchased their property. The action was certified as a class action.

A mediator ruled the oral agreement concerning taxes asserted by the State was barred by the parol evidence rule and the statute of frauds. The State accepted the ruling and the parties went to trial on damages. Judgment for respondents of $74,825.13, plus $25,000 attorney fees was ordered December 1, 1988. Notice of filing of the order for judgment was served on the State on December 16, 1988. There was no motion for a new trial. On January 18, 1989, the State's motion for alteration of judgment based on Minn.R.Civ.P. 60.02 (1988) was denied. We affirm.

## FACTS

The State acquired properties in fee simple absolute from the Sniders and owners of 54 other parcels of land. Title passed to the State by warranty deed on different dates between October 16, 1983, and December 31, 1983.

According to the State, the negotiated agreement also required the former owners to pay the 1984 taxes. To accomplish this, the State deducted the estimated taxes from the purchase price. However, paragraph 6 of the contract for sale provides:

The owners will pay all delinquent (if any) and all *current* real estate taxes and will pay in full any special assessments which are a lien against the property.

(Emphasis added.) Respondents contended, under this agreement, the taxes were wrongfully withheld. After mediation, the State conceded liability.

Respondents submitted a summary of damages which included a return of taxes paid, plus a prorated relocation claim of 1983 taxes based on the number of days

between the warranty deed date and the end of 1983. The State submitted an "addendum" to respondents' summary in which they calculated relocation costs on the basis of the date of the State's "acceptance letter" and the end of the year. The State claimed the conveyances had no effect until "an acceptance is made by the acquisition engineer by certified mail."

The addendum also showed the relocation assistance payments paid, although no supporting documentation was provided. The State did not challenge the figures for the 1984 taxes. The matter was submitted on trial briefs.

The trial court accepted respondents' summary of damages and awarded $74,825.13 in damages, plus $25,000 in attorney fees and costs pursuant to Minn.Stat. § 3.762(a).

On January 18, 1989, the State moved for alteration of judgment pursuant to rule 60.02. The State argued the judgment should be reduced on the basis of:

1. Amounts refunded to plaintiffs by counties; $4,517.13.

2. Amount paid by state for relocation claims for pro rata taxes; 1,912.29.

3. Difference between total relocation claims for pro-rata taxes as shown on line 8 of the plaintiffs' summary or $6,899.58 and the correct amount of relocation claims pro-rata taxes shown at the end of line 7 of the State's Summary of Relocation Payments or $3,558.64 which equals $3,140.96.

4. Balance due parcels paid by State; $885.73.

5. Balance due parcels not paid by State and if paid by plaintiffs paid as volunteers; $3,217.10.

TOTAL DEDUCTIONS—$13,673.21

The State claimed total damages should be $61,151.92. The State also argued the court erred in awarding attorney fees. The motion for alteration of judgment was denied in all respects. The State appeals from judgment and the order denying alteration of the judgment.

## ISSUES

1. Did the trial court abuse its discretion in denying appellant's rule 60.02 motion?

2. Did the trial court err in the amount of damages awarded?

3. Did the trial court err in awarding attorney fees?

## ANALYSIS

### I.

■ Rule 60.02 provides that a new trial or other relief can be granted after final judgment for several reasons, including "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03." Minn.R.Civ.P. 60.02. The State apparently was relying on "newly discovered evidence" consisting of the new summaries and supporting documentation attached to their motion for alteration of the judgment. The State, however, does not contend the information in the summaries was unavailable, or could not have been discovered, in time to be presented at trial.

Respondents argue even if the summaries are accurate, which they do not concede, they are not available on this appeal. They were neither presented before judgment nor qualify as newly discovered evidence. We agree.

An appellate court can consider only evidence properly admitted at trial or newly discovered evidence. *Keller v. Wolf,* 239 Minn. 397, 404, 58 N.W.2d 891, 897 (1953); Minn.R.Civ.P. 60.02. Without a showing of unavailability in time for a rule 59.03 motion, the evidence cannot qualify as "newly discovered." The trial court correctly denied the motion on rule 60.02.

### II.

On appeal, only one argument for reduction of damages is properly before us. After respondents submitted their summary of damages, the State submitted an addendum in which they disputed the date from which prorated taxes should be calculated.

The State also claimed that some payments had been made.

■ The State maintains that the conveyances had no effect until acceptance by an acquisition engineer. It argues the acceptance date, not the date of the warranty deed, should control. The contract gives the State 90 days during which to decide to accept or not accept the deed. If the prorated taxes are calculated from this date, the State has an unfair advantage. The owners, by tendering the deed, have lost control of the property. The State could wait until the very last day before accepting the deed, thus forcing the owner to pay up to three months of taxes. Unless specifically agreed to otherwise, taxes should be calculated from the date of the deed. The court did not err in accepting respondents' calculation of prorated taxes from the date of the warranty deed.

■ The State's contention that they should receive credit for prorated taxes already paid to owner may have merit. However, there is no documentation or evidence attached to the State's summary to support their contention of payment. In addition, based on the record, there is nothing to indicate respondents ever received a copy of the State's addendum addressed to the court. There is no indication a carbon copy was made, and no notice of service. Therefore, respondents never had opportunity to challenge or rebut the State's information. The court did not err in disregarding the claimed payments.

### III.

The trial court awarded $25,000 in attorney fees and costs to respondents pursuant to Minn.Stat. § 3.762 (1988) which provides:

(a) If a prevailing party other than the state, in a civil action or contested case proceeding other than a tort action, brought by or against the state, shows that the position of the state was not substantially justified, the court * * * shall award fees and other expenses to the party unless special circumstances make an award unjust.

*Id.* A "party" is defined in Minn.Stat. § 3.761 (1988) as:

Subd. 6. Party. (a) Except as modified by paragraph (b), "party" means a person named or admitted as a party, or seeking and entitled to be admitted as a party, in a court action or contested case proceeding, or a person admitted by an administrative law judge for limited purposes, and who is:

(1) an unincorporated business, partnership, corporation, association, or organization, having not more than 50 employees at the time the civil action was filed or the contested case proceeding was initiated; and

(2) an unincorporated business, partnership, corporation, association, or organization whose annual revenues did not exceed $4,000,000 at the time the civil action was filed or the contested case proceeding was initiated.

(b) "Party" also includes a partner, officer, shareholder, member, or owner of an entity described in paragraph (a), clauses (1) and (2).

*Id.*

The State argues the certified class does not constitute an "association, or organization" within the meaning of the statute. It contends by referring to an organization or association with 50 or less employees and less than $4 million in revenues, "the type of association or organization contemplated by the act is one where the members are joined together to conduct business."

■ Respondents argue the class is an association or organization under the usual and customary meaning of the words. Minn.Stat. § 645.08(1) (1986). Black's Law Dictionary (5th ed. 1979) defines "association" as "a number of persons uniting together for some special purpose." "Organization" is defined as "two or more persons having a joint or common interest." We find that the class of respondents joined together for their common interest are an association or organization. Since they have no revenue (other than the damage award of about $75,000) and only one employee (their attorney), the class is a party under Minn.Stat. § 3.761.

DECISION

Affirmed.